We will hear argument this morning, case 19-968 Uzabunam v. Preczewski Ms. Wagoner Thank you, Mr. Chief Justice. May it please the Court When Georgia Gwinnett officials stopped Cheekay Uzabunam and Joseph Bradford from sharing their faith, the officials caused concrete injuries. Cheekay and Joseph lost forever the chance to get those days back and speak their message to their peers. No policy change can ever restore that lost opportunity. And as this Court said in Carey, Fatura, and Farrar, the appropriate remedy to redress those past harms is nominal damages. Nominal damages awards satisfy Article III. Farrar explains that nominal damages provide relief on the merits, vindicate the plaintiff through an enforceable judgment, and modify the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay the plaintiff money. The classic Article III remedy for past injury. A $1, $10, or $100 award satisfies Article III because it puts money in a plaintiff's pocket, no matter how it is labeled, compensatory, statutory, liquidated, or nominal. The Eleventh Circuit's outlier rule is a radical departure. For centuries, English and American courts have awarded nominal damages when no future threat exists, even after a plaintiff waives compensatory damages. Every circuit to address the issue does the same, even the Eleventh until its recent decision. This Court should retain the longstanding rule. It has not resulted in a glut of cases, and the alternative makes a mess of this Court's clear Article III jurisprudence. Nominal damages provide a remedy in many contexts, redressing injuries that transcend price tags, from unconstitutional searches and seizures, to free exercise and due process violations, to censorship and compulsion of speech. These constitutional rights are invaluable, even when they don't result in quantifiable harm, yet the officials urge you to treat them as worthless. This Court should decline that invitation and reverse. I look forward to your questions. Counsel, I want to understand the scope of your argument first. Say you go into court and say your rights have been violated. The judge asks, have you been damaged by that? Do you have any compensable injury? You say no, and he asks, is that violation going to have any effect on you in the future? And you say no, it's not going to be repeated. And he says, well, then you don't have standing, I've got to throw the case out. You say, oh, well, throw in a buck, and then the judge is supposed to say, yeah, well, everything's fine now. Doesn't that make a mockery of our Article III requirements? No, your Article III requirements require redress, and this Court has defined that as a personal, tangible benefit. The amount of a label is not necessarily significant. What is significant is that the past injury is afforded some sort of redress, But the only redress you're asking for is a declaration that you're right. You want the Court to say, you know, you're right, and the dollar simply is a symbol to represent that determination. There is a declaration that every judgment award would provide, regardless of whether it's compensatory or statutory or liquidated. But in addition to the declaration, there does need to be redress for the past injury. Declaratory judgments do nothing for past injuries. They only redress... Well, look, page 18 and 19 of the Respondent's Brief, they go through all the authorities that say that it's not that that dollar is a small amount of compensatory damages. It is in name only. It is not damages at all. That's not what this Court's cases have said or the common law, and that the significance of redressing the right, the fact that a past injury has occurred, money changes hands. As this Court said in Farrar, it modifies the defendant's behavior in a way that benefits the plaintiff. And providing money damages of any amount is significant and that it provides redress for the parties and an enforceable judgment on their... Thank you, Counsel. Justice Thomas? Thank you, Mr. Chief Justice. I'd like to turn to something slightly different, Counsel. In Flanagan, the 11th Circuit precedent that the Court followed at the Court of Appeals, there was no enforcement of the ordinance involved. Does that make a difference here? I think it makes this case even stronger than the Flanagan's ruling, and I think that is a basis of distinction. Although even Flanagan's departs sharply from the majority of circuits. In terms of this case, there is a past chill with Joseph Bradford's injury, and certainly silencing Cheekay twice in a public place where he had a right to speak is an injury all by itself. So we have said, and this is somewhat a different version or similar to the Chief Justice's concern, we've said that an injury has to be real and substantial. But if you're only asking for a dollar or nominal damages, doesn't that seem to undermine the real and substantial requirement? I don't think so. Congress has held that under Section 1983 the vindication of civil rights is so significant that it did away with the amount in controversy, and this court has held that vindicating constitutional rights is of the highest importance and that it is an injury in and of itself to have the government engage in misconduct and not redress that injury no matter how insignificant the damage award might be. Thank you. Justice Breyer? Good morning. As you are aware, Congress passes lots of statutes, and they have tens of thousands of words, and people frequently think that one new set of words is unconstitutional, at least as enforced. We're not supposed to give advisory opinions. But if somebody comes in and the course of conduct under the statute or their point of follow is not going to be done anymore, it's the same question as the Chiefs. Why isn't that just an advisory opinion? And you can say, well, he's hurt. All right, is Bradford hurt? I see the first part, the first plaintiff, but what about Bradford? Bradford is hurt. And in terms of the court filtering out cases that are frivolous or where there is an advisory opinion... No, no, not frivolous. If Bradford is hurt, who wouldn't be? That is, give me an example of a case where he says this is unconstitutional. They think it could be applied to me. I think it is unconstitutional, and I'm hurt because I'm a school teacher and this sets up situations in the school which are unconstitutional, and they're not going to be done anymore. How does he have a concrete injury? Where is his concrete injury? The concrete injury comes when there's a past chill and there's a specific intent that is demonstrated in the pleadings that meets the standard in this court's holding an SBA list. For a 12B motion, which this case is on, the general allegations are sufficient to establish the facts in the case, although at a later stage, a summary judgment could be considered by the court, but Joseph had a specific intent here, and Chica certainly does. Bradford, why? Why? He had a specific intent to engage in the speech and to share his faith on the campus. He was made aware of how the school threatened Chica with discipline, and his speech was chilled because he didn't want to receive expulsion or suspension or some other form of discipline by engaging in these conversations. Justice Alito? You have said that nominal damages serve to vindicate a past violation of a constitutional right, and it would be helpful to me if you could perhaps explain more specifically what you mean by the vindication of a constitutional right that was violated. Do you mean simply a statement that there was a violation, which sounds a lot like an advisory opinion, or do you mean the award of some damages for a real, concrete violation that can't be easily monetized? So if a person is told you cannot speak about a certain subject, and that's a violation of a constitutional right, there may not be any way to monetize the harm that is awarded to the person, but is the theory that nominal damages assign a certain monetary value to this harm that can't easily be quantified in monetary terms? That's precisely the theory, and it's the holding that the Court reached in Kerry and Stature and the lower courts have followed. It's that nominal damages vindicate the constitutional violation by entering the judgment, by requiring the payment, when other damages are not quantifiable. It's similar to statutory or liquidated damages, where there isn't necessarily quantifiable damages in those instances, but there's no question it meets Article III. Well, then the challenge for you is to show that early English and American nominal damages cases were based on that theory, and the respondents say that they fall roughly into two categories, cases where nominal damages served as prospective relief from ongoing or future harms, and cases where they were merely a consolation prize for failing to prove compensatory damages. Very briefly, what would be your best case, or your best cases to show that that's an incorrect understanding of the common law situation? There are hundreds of cases that demonstrate that, including Clifton v. Hooper's delayed writ execution, Burns v. Elrod, which involves false imprisonment, multiple cases involving mistrained staff like Thompson v. New Orleans, as well as Dougherty v. Munson, which involves illegal warrants. Justice Sotomayor? Counsel, the government, at page 30 of its brief, says that if a disbanded move for entry of judgment on a plaintiff's nominal damages claim, a district court, and I'm quoting them, should enter judgment on the basis of the defendant's concession alone without adjudicating the merits of the constitutional... Your reply brief didn't address that argument by the government directly. Do you think that's possible? And if it's not, why not? I believe that your question related to whether entry of judgment would be on the merits? Well, that's the question. No, it's how about if the defendant deposits a dollar, an account payable to your client, and the district court enters judgment on that basis. Would your claim then be moved? That was what the government was arguing. I believe that's an open question, and this court following Campbell-Ewald, certainly an offer in and of itself wouldn't be sufficient, but whether a tender would be sufficient is something this court hasn't decided. Well, if it's a tender, what would require that tender to be more than the compensable damage of $1? Would you require an admission of liability as well? And what in our case law would require that? Certainly a full tender of the relief that the plaintiff requested would involve a judgment that would be entered on behalf of the plaintiff as well as the damages, reasonable attorney's fees and costs. What the form of that judgment might look like seems to be in the judge's discretion. Neither party, I think, would have a right to insist on a disclaimer of an admission of liability, but that would be up to the district court's discretion. But I do think that's an issue this court should have briefing on to sharpen the issues in those instances. Finally, counsel, on the Bradford claim, there was never enforcement against him. So what was the injury? If the government doesn't know that he wants to speak and denies that opportunity, what's the injury? It may not be that his case is moot, but it may be that he hasn't suffered a First Amendment injury. That may well be. I think his injury was that his speech was chilled and he would satisfy this court's test and SBA list, but that isn't the issue that this court would need to decide today. I think that proves the point that injury, in fact, essentially ferrets out cases that may be advisory in nature or where a concrete and particularized harm hasn't been proven. Justice Kagan? Ms. Wagner, are you saying that nominal damages are a form of compensatory damages, or are you saying something else? No, they're not a form of compensatory damages, although I don't think that undermines the argument. I think that they are compensation in the sense that they are providing money to reflect the fact that damage has been done. But the amount of money pales in comparison to the harm. It's not that the dollar means so little. It's that the violation means so much. That's why we award the damages in those instances. And when you say that, how is it different from compensatory damages? Well, compensatory damages have to be proven with specificity at trial. They have to result in quantifiable harm. The value of free speech or the loss of procedural due process is nearly impossible to measure, as this court has held. And there are many reasons why plaintiffs may not want to assert compensatory damages, and those are very valid reasons. And as a common law, you could even waive compensatory damages and seek nominal. I guess I always thought that our Article III requirements meant that people can't bring a suit for pure vindication alone. For just saying, you know what, I was right, you were wrong. For the psychic satisfaction that it gives to hear a court say that. And I guess I wonder, if this is not, by your own admission, compensatory damages, how is it that we're not in that world where the suit really is one for just a declaration that somebody else committed a wrong? Well, it is compensatory in that it's requiring a defendant to pay a plaintiff money, and that's currency. Cheeky can go out and buy a package of tracks for $1.10 or $20, certainly in that sense it is. But I think the overall purpose is that because we can't measure how harmful a violation of speech is or how harmful an unreasonable search and seizure is, we want to ensure that some redress is provided in that to the plaintiff for the past injury, and damages do that. Justice Gorsuch. Good morning, counsel. Your friends on the other side suggested that very little would be lost if we required more than nominal damages for standing. They point out that your client initially had a compensatory damages claim as part of this lawsuit. Why aren't they right? Perhaps your client has scruples against seeking more than $1, and others might as well, but why should the law care about that? For several reasons. First of all, there are many plaintiffs who would be victims of government misconduct that may not be able to demonstrate compensable damages. In Cheeky's case, our argument was that he could because he drove to campus. But think of a student who didn't drive to campus and who couldn't quantify that harm. Presumably they'd have bus fare or they could ask for the time it took them to walk and some sort of compensation for that. We have very imaginative lawyers. One thing the country doesn't lack for is imaginative lawyers with imaginative damages theories. I would think that would be of some concern to the court that we would be creating a rule urging plaintiffs and their counsel to make up damages that they neither want nor need nor think they should qualify for when the government's rationale for changing this rule is that they believe it would be too costly when really it will lead to protracted litigation. And unreasonable search and seizure cases, for example, I'm not going to announce, Justice Breyer recognized in Hudson that those are all nominal damages cases because it's so difficult to prove one-off violations in quantifiable ways. Justice Kavanaugh? Thank you, Chief Justice. Good morning, Ms. Wagner. I want to pick up on Justice Sotomayor's questions and try to figure out what's really at stake on this issue. Judge Jacobs in the Second Circuit opinion in Amato and Judge Henry in the Tenth Circuit opinion in Utah Animal Rights, they're separate opinions. Both suggested, as the government does here, that there's not much at stake because a defendant can always surrender to the judgment on the nominal damages claims when no other claims remain. And the district court simply enters judgment without adjudicating the merits. Justice Sotomayor asked you this, but I want to probe deeper on the answer. Isn't that exactly right? I don't think that there's... I don't think that it's right in the sense that there isn't much at stake for someone like Chique who was silenced on his campus or someone subject to an unlawful not-going-to-announce or a graduation speaker. My questions really aren't are Judge Jacobs and Judge Henry and the Solicitor General here correct that the defendant can surrender the judgment on the nominal damages claim when no other claims remain and the district court enters judgment without adjudicating the merits. Isn't that correct? I think that that's an open question before this Court and how it would apply in a nominal damages situation would be something that the Court would want to consider. But certainly if the Court held that that was full redress, then that would be acceptable. But full redress would need to be provided and George has offered absolutely nothing. And then in that instance, what's the attorney's fee situation? Because that may be what's really at stake here. What's the attorney's fee situation in your view with a successful nominal damages claim? I think the Court has discretion to determine what the attorney's fees are. Under Farrar, the Court says that they would be a prevailing party but most courts at the lower levels have applied the Justice O'Connor factors to look at various aspects of the case, what was asked for and the significance of the issue that was decided. Justice Barrett? Counsel, I want to go back to Justice Kagan's question. When she asked you if nominal damages were a form of compensatory damages, you said no. And I understand that they are not compensatory damages. They are distinct categories and you can't prove them with specificity,  But I would have thought that your argument is dependent on nominal damages being retrospective. I took your argument to be that they were compensation for a hard-to-quantify or impossible-to-quantify harm. So can you explain a little bit more why you are not describing to Justice Kagan that nominal damages are backward-looking relief? All damages are backward-looking relief and I think that in terms of the compensatory nature of the damages, they are compensatory in that they are addressing a harm that has occurred. They are the same pedigree as compensatory damages as well as statutory or liquidated damages. So it is your position that they are compensating for an unquantifiable harm?  As this Court articulated in Carey and Stachura, it's just that it's not a quantifiable harm and so that's the distinction I was making. Now I want to go back to your colloquy with Justice Breyer and he was talking to you about Bradford's claim and asking why that wouldn't be moot. Can you identify any situation in which a case would be moot if the plaintiff also sought nominal damages? Putting aside Bradford's particular one, is there any case that would be moot if nominal damages were attached? No, this Court has held that damages can't be mooted but prospective relief can be mooted but that doesn't mean that everyone who asserts a nominal damages claim would prevail. There are many reasons why a nominal damages claim can't be forwarded. Why not? Because you can always come up with reasons why Bradford might have suffered some damage. It's then hard to conceive of any suit that sought prospective relief like a declaratory judgment or injunctive relief that had a tag-along claim for nominal damages that could survive. Sorry, I mean that would be mooted. Well, that's true if there's a past injury, first of all. And not everyone who seeks prospective relief even has a past injury. It also assumes that there's a cause of action and a defendant amenable to those things. So while damages can't be mooted... Thank you, Counsel. My time is up. A minute to wrap up, Counsel. Thank you, Your Honor. In terms of the courts being flooded... In terms of the true concern about courts being flooded with frivolous claims for relief, protracted litigation or avoiding a drain on government resources, the long-standing rule is the rule that best resolves those concerns. Injury, in fact, ensures that cases and controversies involving concrete harms and they're not made up claims. There's no one that can test the injury in this case. And the majority rule is consistent with Kerry and Statura. It hasn't led to a flood of claims, but instead provides remedies for victims who are subject to discriminatory stop-and-frisk or prisoners who can't have any kosher meals. And the Prison Litigation Reform Act doesn't even allow compensation in those situations. Nominal damages is the only resolution. And it fosters a quicker and fairer resolution because the government can't roll the dice and then say, never mind at the end of the case when the odds switch. Thank you, Counsel. Mr. Mupan? Mr. Chief Justice, and may it please the Court, Petitioners suffered an unquestionable Article III injury when respondents censored their speech and Petitioners seek the paradigmatic type of Article III redress for that past injury, a tangible award of money. That the amount of money is nominal is immaterial to whether an Article III case or controversy exists. Recognizing that the deprivation of a personal right is generally not harmless, common law courts have long awarded nominal damages as partial redress and Congress incorporated that practice in Section 1983. Respondents' position would not just break from history and tradition, but create confusion in the law. Like nominal damages, many other forms of monetary relief are not tied to either evidence of quantifiable harm or likelihood of future violations, such as punitive, treble, and statutory damages. This Court should reaffirm that such monetary relief for past injuries is proper Article III redress. I welcome this Court's questions. Counsel, it seems to me that one of the difficulties with your case is that it melds the inquiries into standing and the merits. We have always been adamant about the necessity of addressing standing or, you know, the flip side of it, responding to mootness concerns before reaching the merits. But if you have a case where there's no compensable damages, there's no concern about future injury, no repetition, and all that's on the books assume nominal damages as in name only, is a ruling on the merits, then the standing inquiry and the merits inquiry are precisely the same. Why is that not right? I don't think that's right for the reason this Court gave in Spokio. The question for standing is whether there is an injury in fact. Now, in this case, that's quite easy because having your speech suppressed or being subject to a threat of suppression of speech is a paradigmatic... No, no, no, that's exactly my point. That is simply the Court saying that you're right. You immediately discuss the merits. Having your speech suppressed is an injury. What we always do is look for standing first. Okay, you say something bad has happened to you. How have you been injured? What gives you the right to come into federal court? I don't think you can answer your injury question without saying this is the resolution of the merits. That violates the principle that standing in the absence of mootness are issues that have to be addressed before the merits. No, I don't think so, Your Honor, because it might be that the suppression of speech is permissible under the First Amendment, but the point is that the plaintiff wasn't able to speak. They were not able to engage in certain speech. That is an injury in fact. That is a violation of rights. The injury has always been understood to be something separate from prevailing on the merits. I don't think that's consistent with the common law, Your Honor, which Article 3 is derived from. Take, for example, trespass. Merely breaking the clothes of someone's property, setting one foot... Well, that has future effects since it establishes the boundary of the property. Anyway, Justice Thomas? Thank you, Mr. Chief Justice. Counsel, I'd like to follow up on the point that Justice Kavanaugh was addressing. You suggest that the defendants in these nominal damages cases should just basically surrender and accept the judgment. But wouldn't that open them up to attorney's fees? Under this Court's decision in Farrar, the plaintiff would be a prevailing party, but then under the second step of this Court's analysis in Farrar, whether the amount of fees that would be reasonable in a nominal damages only case would potentially be quite minimal. Just piggybacking a bit on what the Chief Justice was raising, if there was a case for nominal damages that was similar to this but one of the plaintiffs here, but there was no enforcement as we had in the Flanagan case, would there be standing to pursue nominal damages then? I think you would turn out whether there was a credible threat of enforcement. This Court has recognized that there's an injury in fact when there's a credible threat of enforcement. To answer both your question and Justice Breyer's question from earlier, if you think of a case like Poe v. Ullman where you had a law on the books that had never been enforced for decades, there might not be Article 3 standing to get into court in the first place. But if you have a credible threat of injury that would let you bring a prospective suit for injunctive relief, you can likewise bring a retrospective suit for damages, whether those damages be compensatory or nominal. Thank you. Justice Breyer? I'd like you to think of two opposite situations. One, Blackacre. I own Blackacre and you come in and have picnic all the time. Now you won't do it anymore but I bring a lawsuit for trespass. I can't measure the damages and nominal damages always have been given there. Opposite situation. What we have are 400 million laws, actions, policies and let's take the subset where we don't know whether it violates the Constitution or not. We don't know. Order case. In those circumstances, if you bring the courts into every single case they will spend an awful lot of time adjudicating those cases so nobody is really hurt when there are lots of people who are really hurt who need their time and effort. Okay? So we have to draw a line. And the 11th Circuit's line not perfect but a line is allow it if you also could plead a claim for compensatory damages which I think they did here. I don't know why anybody said that but nonetheless that's their line. Now if you don't like that line you tell me what's a better line. So I think the better line is your example of Blackacre just like in property cases you could bring a trespass suit even if the trespass question was a very difficult I'm going to cut you off because in trespass you could bring a claim for compensatory damages just very hard to prove. But you never did. As Justice Story explained in his web decision you don't need to bring a compensatory damages suit to bring a trespass suit and it doesn't matter how complicated the property law questions posed by the trespass suit are the alleged violation of property rights was enough to let you into court and bring a nominal damages suit. To enter the flip side of your concern again the defendant if he doesn't want to pay the dollar and doesn't want to adjudicate the suit can just pay the dollar. So there's no reason why this will... Nobody has to adjudicate whether it is or is not unconstitutional? No because the court resolves constitutional questions not as an end in themselves but as a means to resolving a controversy between the parties. So if the plaintiff says he's entitled to a dollar and the defendant says great I'm willing to pay a dollar that's the end of the case. Justice Alito? All we have left are two diehards and they really won't give in and they're fighting over a dollar. That's exactly right just like you had two neighbors who insisted on fighting over a trespass suit over a dollar. Justice Alito? Justice Alito? Counselor could you say something about Mr. Bradford's claim the policy was never actually enforced against him. So in what sense did he suffer a past injury? So in the sense of SBA lists and the Virginia booksellers he clearly faced a credible threat of enforcement given that the policy was actively enforced against others at the time and he knew it. As a result he chilled his own speech but that's not self-censorship in the way of Clapper because there was a credible threat of enforcement so that is a concrete harm that's fairly traceable to the government's policy. It would be a different situation if the government didn't have a policy or if the government didn't enforce their policy then his failure to speak would be attributable to his own actions but in a case where the government had a policy that they were robustly and actively enforcing at the time his self-censorship is attributable to their conduct and that's why he had an injury that's fairly traceable and I don't think anyone would dispute it if he had brought a suit for injunctive relief in fact no one did dispute it. Is his situation different from that of any other student? Could every student come forward and say I might have liked to engage in speech that is prohibited by this policy and therefore I should get nominal damages? I think they would have to say I would have I don't think it would be enough to say I might have but if they came in and said I intended to engage in speech but I refrained from doing so because I was threatened with severe campus discipline if I did so under the policy yes I think every one of those people has suffered an injury in fact that's traceable to the government's policy. Thank you. Justice Sotomayor? Counsel it seems to defy our case law that says a generalized grievance that everyone is subject to every student seems the quintessential lack of standing question that why should every citizen who believes a law is unconstitutional come into court and challenge it that's what it appears Mr. Bradford is doing does he have any burdens on this issue? does he have to prove what plans he actually made when he developed this plan I'm a little lost as to how someone can just walk into court and say that shields me from speaking and that would be enough so I guess two points your honor the first is it's not a generalized grievance precisely because he has to make the sort of allegations you just talked about so if someone was on college campus and never had any intention of engaging in any of this speech that person how do you prove a negative meaning generally you look at what a person does not what they say they wanted to do how do you read a person's mind well so the plaintiff would have to allege it he would have to declare it and testify to it you could cross examine him but yes ultimately the question is was he intending to do something and was he chilled from doing it because the government had a policy that prohibited it and again the plaintiff the respondents in this case haven't disputed that he had standing to sue if they hadn't eliminated their policy no one is disputing that he had an injury in fact that would have let him bring a prospective suit that is based on the same exact injury in fact that supports his retrospective claim for damages but is that an injury in fact that's compensable even with nominal damages meaning if he never took a step to effectuate what he wanted to do and unlike his colleague who actually was in the midst of speaking and was stopped so that could be, I see easily how that's an injury but I'm not quite sure that it could be an injury in fact when you don't take actual concrete steps to do something and just merely say I had a desire well his concrete step is he refrained from taking action. He intended to engage in speech and didn't do so because the government threatened him with sanctions. Justice Kagan? Mr. Mufan, you have a lot of history on your side but I think I want to give you a theory about why that history is not very relevant I think that these cases that you have fall into three groups the one are declaratory judgment actions and a world before declaratory judgment actions. In other words there are ways to try to determine legal rights going forward before the declaratory judgment form existed the second group of cases are cases in which there's injury that's hard to monetize and these cases are asking for something to recompense that injury but the reason why those cases aren't relevant anymore is that in our world we monetize those claims all the time we now live in a world unlike the historical world in which we acknowledge claims for emotional distress, claims for dignitary harms of all kinds which makes the nominal damages claim unnecessary the third group of cases is a case in which what the plaintiff really wants is vindication, is a statement that I'm right, the defendant is wrong and as to those cases, modern article 3 jurisprudence says that, you know that's not a case of controversy so given all that, what role is there anymore for nominal damages claims your honor, I don't think that that's an accurate categorization of the common law I'd like to make two points about that so the first is, I would point this court again to Justice Story's opinion in Webb where his primary reason that he gave for why nominal damages were appropriate is that he viewed it as essential in the common law that every injury imports damage in the nature of it and if no other damage is established the party injured is entitled to a verdict for nominal damages that is essentially a recognition of a form of liquidated compensatory harm of at least a dollar, because the violation of a right isn't harmless and if it's not harmless, it's entitled to at least a dollar he then went on to say, a fortiori if there's a risk of future harm, that would support nominal damages, but I think the critical point to recognize is the likelihood of a future trespass or a future assault, or a future mistrain none of that future likelihood would become close to meeting the Article 3 requirements we have today of likelihood of future injury Justice Gorsuch? Counsel, you said you had two points in response to Justice Kagan before proceeding, I just want to make sure you got both of them out there yeah, so the last point I was going to make is about a bucket of cases that the respondents cite in their brief that I think actually cuts the exact opposite way there are a series of cases they cite in pages 34 to 35 of their brief, where common law courts, appellate courts, said it was harmless error to not have awarded nominal damages precisely because there wasn't the likelihood of future harm the respondents emphasize harmless, but the real key is that error. The appellate courts there recognized it was error not to award nominal damages even though there was no likelihood of future harm so I think that very clearly demonstrates that common law courts were not viewing nominal damages as some sort of proto-declaratory judgment they recognized it for exactly what Justice Torrey said it was it was a recognition that every injury imports damage in the nature of it. Just to make sure I understand at least part of that response Justice Kagan posited, I believe it was her second bucket of cases in which today we're able to and do monetize what maybe had been before hard to monetize claims of emotional distress and things like that is the essence of your response yes, maybe we do and we have great lawyers and economists who can do that today but one need not do that for Article 3 purposes because historically it was not done that's right. Common law courts and Congress ratified that through Section 1983 were entitled to decide that you at least get a dollar. Now if you have clever lawyers and you can do the sort of things that Justice Kagan identified then you can get more. You can get compensatory damages for quantifiable specific evidence of harm. But perhaps one shouldn't be penalized for lacking a clever lawyer that's right. Or another way of thinking about it is Congress is entitled to determine that the deprivation of a constitutional right isn't harmless and if it's not harmless then you're entitled to at least a dollar. Thank you. Justice Kavanaugh thank you and good morning counsel picking up on Justice Thomas' question and the last part of Justice Breyer's question, I'm trying to again figure out what's really at stake here this is not about the one dollar, I wouldn't think the concern about litigation being prolonged or an advisory opinion you say that can be answered as I understand it because the defendant can always just surrender to the judgment and the district court would enter judgment without adjudicating the merits, is that correct? That's correct okay, so that leaves me with the strong suspicion that attorney's fees is what's driving all this on both sides because under Buck Cannon correct me if I'm wrong, if you sue for injunctive relief, the defendant changes the policy as happened here you get no attorney's fees, correct? Yes, that's correct. Okay, but if you have nominal damages, you can get attorney's fees potentially correct? Right, under Farrar So what seems to be driving this is that the reason the plaintiffs want nominal damages, plaintiffs generally want nominal damages to be available is attorney's fees and the reasons defendants do not want them to be available is they don't want to pay attorney's fees correct? At least partly I think at least some defendants might also not want to pay the dollar because they don't want to admit any sort of wrongdoing even in the tacit sense of paying a dollar without saying that they were wrong on the merits. Got it. Okay, and then Judge Jacobs and Judge Henry though say and I think this cuts in favor of your ultimate position here, but they say the attorney's fees can be a concern of allowing nominal damages can be handled and already have been handled under Farrar by saying you don't get much in the way of attorney's fees when you get nominal damages. Is that how you see it? I think that's right. I think under Farrar it's a reasonable inquiry and I think there are two main things you would look at. I think you would look at what the plaintiff sought. Did they seek $17 million and only get one or did they seek $1 from the outside and only get it? And then the other thing I think you would look at What if they sought injunctive relief and nominal damages and the defendant changed its policy so no injunctive relief but they still get the nominal damages. How do you think attorney's fees works there? I think it would depend on when it happened I think that if the defendant changed their policy years into the litigation I think there would be a much stronger case for the plaintiff being able to say that they litigated the case ultimately did get some relief That sounds like an end run around Buckhannon what you just said but maybe I'm wrong about that. Well look I think it partly depends on, it's a question about reasonableness. Farrar tells us that the dollar isn't an end run around Buckhannon you are a prevailing party and then the question is who's acted reasonably Justice Barrett? Mr. Mupan, last term in New York State Rifle and Pistol Association we held the case the second amendment challenge moot because the city of New York changed its policy. Was that then really just kind of a technicality if the Pistol Association had sought nominal damages would that case have had to come out the other way under your theory? Yes I think if they had always had a live nominal damages claim in a case like that once you were already at the appellate court there would have been a live claim and they wouldn't have been able to just say oh we'll pay the dollar under this court's decision in Young which we cited in our brief an appellate court's ability to just accept a concession like that is different from a district court. Okay well then let me circle back to some of the questions that various of my colleagues were pressing Ms. Wagoner on. Justice Breyer and then I asked this question were trying to get under your theory so long as nominal damages were sought another way of getting at that point is the majority of circuits do accept your theory and say that nominal damages can keep a case live or put differently that seeking nominal damages the plaintiff would have standing to seek nominal damages alone. So in that majority of circuits that follow the rule that you want us to adopt do cases moot out? They do but I think the primary reason they do is there are a set of cases where nominal damages just aren't available. The most obvious for us being the federal government isn't subject to nominal damages and lots of other statutes besides 1983 don't authorize nominal damages. But if nominal damages are otherwise legally available then it would be difficult for a suit to moot out if nominal damages were sought. But with the one caveat that as a practical matter lots of people aren't going to keep litigating a case just over nominal damages especially given Farrar's rule about the reasonableness of attorney's fees. So as a practical matter a lot of these cases will moot out even if as a legal matter they don't. Thank you. Mr. Bupan? I'd just like to make one last point which I think is a pretty important one which is there are lots of types of monetary relief that are neither dealing with future harm nor based on quantifiable evidence of past harm. Punitive damages, statutory damages, travel damages. All of those would seem to violate Article 3 under Respondent's Theory but all of those are unquestionably permissible. I think the solution for why all of those are permissible shows why nominal damages are unquestionably permissible. And that's why monetary relief has traditionally been recognized as a proper form of redress for past injury in fact. And that simple rule is sufficient to rule for the petitioners here. Thank you, Counsel. General Pinson? Thank you, Mr. Chief Justice and may it please the Court. At bottom, the question whether nominal damages resist mootness in a case like this one reduces to the question whether nominal damages redress past injuries. When there's no longer any threat that a plaintiff's injury will recur in the future, a case is saved from mootness only if the Court could still give the plaintiff something that redresses what's now a purely past injury. But nominal damages do not fit that bill. Generally, past injuries are redressed through compensation but both modern and historical authorities agree that nominal damages aren't compensation. Unlike other kinds of damages, the law affirmatively strips nominal damages of that role. They're an indeterminate and trivial sum precisely because they're given as a symbol that although the plaintiff proved a legal violation, they're entitled to exactly zero compensation for it. That means nominal damages can't serve as independent redress for purely past injuries. And the body of common law bears that out. It's full of cases awarding nominal damages when giving them could establish or protect the plaintiff's legal rights going forward or when they're a symbolic gesture given after a plaintiff failed to prove compensable injury for a legal violation. But petitioners haven't cited a single common law case that decided the merits of a legal claim where a plaintiff had sought only nominal damages and awarding them couldn't affect the plaintiff's ongoing legal rights or interests. Without a working theory for how nominal damages can actually redress past injuries or historical evidence for that claim, the conclusion has to be that they aren't retrospective relief that saves the case for mootness when there's no longer a threat of continuing injury. I welcome this court's question. Counsel, is your position that nominal damages are never sufficient on their own to establish standing or prevent mootness? In other words, from sort of under modern jurisprudence that there should be no such thing as nominal damages? That's not our position. And that's because at common law, nominal damages were available in the same role as what you would normally see a declaratory judgment claim brought today when it concerns the legality of past conduct. So our test would be whether the nominal damages could redress the continuing present adverse effect on a plaintiff's legal rights or interests. Well, then today you're saying that, or under today's legal regime, that if you ask for nominal damages, you're really just asking for a declaratory judgment. And if there's some reason a declaratory judgment is not available, then the nominal damages are not sufficient. In other words, it's just using the wrong label for the type of I could envision a case where nominal damages might have a separate role because they aren't discretionary like equitable remedies, but generally that's correct, Your Honor. Joseph Story's name has been bandied about a little bit. What is your answer to his position? Sure. And it's this web case that my colleagues on the other side have referred to. And there's two points there. One is that the general notion that you hear of every injury importing a damage, what that meant at the common law was that the petitioners, the plaintiffs had a damages claim. And so they would bring that damages claim. And you see that in all of the petitioners' cases. And if they weren't able to prove it, the nominal damages could be given to reflect that outcome. But I think the more important thing about Web is in that case, that's a riparian rights case. That is the paradigmatic kind of case where nominal damages could be sought on their own because they offered some sort of prospect of relief. In those cases, they allowed plaintiffs to send off creation of prescriptive rights or show boundaries or establish riparian rights. What if Congress passed a law and they wanted to encourage private enforcement? So they said that if you prevail, you get statutory damages of $1. Is that a suit that can be brought? Mr. Chief Justice, I think that's a difficult question. Normally, statutory damages we would say serve this role that petitioners want nominal damages to serve. They're a compensation for sometimes harms that are hard to quantify. But if it's only a dollar, I think it likely depends on the injury being redressed. Because the whole reason that common law courts would allow giving of a nominal dollar is because it was a trivial sum, which meant that it could serve as that symbol. So arguably, Congress, when they do that, if all they're doing is giving that same trivial sum and it's really a vehicle for advisory opinions, I think the court would have to look carefully at that. Is your answer the same with the allegation for the gas that it took to drive the three blocks to the campus or something like that? Would you say that's just too small? No. A different answer there because compensatory damages, whatever the amount, are recognized as relief of a past injury. That was true of common law even when the amount of damages were small and it's true today in this court's decisions like scrap. I think it's only in the circumstances where the damages being given are the specific nominal damages remedy or something that's trying to do that by some other means that you run into the problem of not having any compensation for a past harm. Thank you, Mr. Chief Justice. General Benson, are there cases in which the court has awarded nominal damages because of failure proof of actual damages? Cases of this court, I think at least the court said in cases like Cary and Statura that at the end of a case that nominal damages could be awarded and Farrar did the same thing. Why would there be standing in a case like that? You have standing in a case like that because a compensatory damages claim allowed the court to decide the case. I understand the potential resistance to that, that you need standing for each separate claim of relief. The answer is that at the common law, these claims were not pled in the alternative. The claim that allowed the plaintiffs to seek relief was a damages claim. If they stated a legal injury, it imported the damage and they got that claim. That would allow the court to adjudicate the merits. The nominal damages awarded if they weren't able to prove substantial damages was just a symbolic gesture that reflected the outcome and allowed the court to give costs. The court said over and over that it wasn't actually compensating anything. That seems to be at war with the common law. Again, if you treat that as a separate claim for relief, that's an understandable response. All I can say is that at the common law, those courts didn't treat it like that. They didn't treat it as giving any separate relief. They treated it as an outcome or a symbol for that outcome. It's bound up with that damages claim in a way that allowed the courts to give in. In this case, the 11th Circuit, the Court of Appeals seemed to dispose of this simply with Flanagan by citing Flanagan. I don't quite understand why that case should cover this case where there was actual enforcement here but no enforcement in Flanagan's. Flanagan's, you're correct that in Flanagan's there was no actual enforcement. Our position is that enforcement or not does not matter. Even if there was enforcement and what the plaintiffs are seeking is redress for a past injury, nominal damages aren't the answer to that. You could view the decision below as a slight extension of Flanagan's if you view Flanagan's as turning on the lack of enforcement. In our view, our position doesn't change. We would say that neither case presented a distinguishable controversy. Did the Court of Appeals say that and make the same point that you're making? Both in Flanagan's and the Court of Appeals applying Flanagan's below make the point that nominal damages do not redress past harm. That's the basis for Flanagan's and it's the basis for the decisions that Flanagan's relied on like Judge McConnell's important concurrence in Utah Animal Rights Coalition. Thank you. Justice Breyer? Thank you. What about when they do redress past harm? Jones owns Black Acre. Smith, his hostile neighbor, regularly picnics on Black Acre and then he dies or some unfortunate thing and he's never going to do it again. Well, what's the damage? I mean, all he did was picnic, pretty hard to measure and so nominal damages or a college says, you can't pray here young student and imagine that policy is unconstitutional and suppose he was stopped from praying. What's the damage? Can you say there was no damage? There was. But what is it? How do you measure it? I don't know. And the same with speech. He wanted to speak there. He was constitutionally unconstitutionally forbidden to do it. Well, he was about to give his speech. What's the damage? Now, don't nominal damages have a place right there where there is damage? But it's just impossible to measure. Justice Breyer, they do not. Certainly that's petitioner's position. They want nominal damages to address harms that are difficult or impossible to quantify. But that's just not what nominal damages did at the common law. There were other solutions that the common law had for that problem. One was presumed damages, which were compensatory damages given even if plaintiffs weren't able to prove it. I accept what you say there. It wasn't the theory of common law, hypothetically. But isn't it a fairly good line to draw to keep the cases out of the court where all you have is a theoretical argument that this is unconstitutional, never hurt you from those cases where there is unconstitutionality and genuine harm but difficult to measure? Justice Breyer, I don't think it's a line that this court is allowed to draw because it draws Article III draws from the common law and the common law said that nominal damages don't serve that role. But in addition, there are other solutions to that concern. First, of course, those kinds of harms often result in more established kinds of compensable injury whether it's intangible injuries like emotional distress or tangible ones. In addition, in some kinds of cases, petitioners can seek compensation precisely for lost opportunities to exercise constitutional rights. The voting rights context is an important one and that's one that the court noted in Statura where plaintiffs can actually seek compensatory damages for those lost opportunities, separate and apart from the abstract value of the right itself. And then, of course, beyond that, petitioners in these kinds of cases often the object of the suit is not the small or difficult to measure past harm. What they want is a change in the law or policy and, of course, prospect of relief is available for that. And then finally, it's always on the table for Congress to offer a kind of statutory damages of a if it turns out that there's a class of cases where those kinds of harms aren't a need to be compensated. Thank you. Justice Alito? Let me pick up exactly where you left off. So let's say Congress amends 1983. It says whenever a violation of the First Amendment is proven a past violation, plaintiffs shall be awarded statutory damages of $1. You would say there is no standing there because that sum is too low. Is that right? Justice Alito, again, I think that's a difficult question. And I think it's difficult because you have two different common law analogs that you have to try to square. The first analog is that at the common law 2, you had statutory damages and those plaintiffs could seek statutory damages alone and they had standing to do that. Those were compensation often for kinds of harms that either were very easy to assign a value to or very hard. But then you also had nominal damages and the reason nominal damages worked in their symbolic role at common law is because they were trivial. So when Congress assigns that trivial amount to quote unquote statutory damages, I think you have to look hard at it to know whether it's actually something giving compensation or not. So your answer, to cut to the chase, your answer is that when there is injury in fact, and there must be injury in fact, statutory damages cannot be awarded unless they can reasonably be regarded as a quantification a monetization of the amount of the harm. Is that it? Justice Alito, I don't think they have to precisely quantify the harm and in fact What if it's $10? What if it's not $1? What if it's $10? I think it's a hard line drawing problem Well that's why I'm asking the question because I need help with this hard line drawing problem. And Justice Alito, again what I'd say is I think if you can reasonably say that that's compensation, even if it's partial compensation or compensation for difficult to prove injuries then that provides Article 3 redress and I think that that should be the presumption I think it's only when you get down to that very small level maybe $1 or below because that's where we assign nominal damages today that you get into the problem with Congress possibly trying an end around Another question Is it necessary for a plaintiff to have standing with respect to every form of relief that the plaintiff seeks in a complaint? It is. That's the court's rule So if we agree with you here I don't quite see how nominal damages could ever be awarded Justice Alito, I think there are two ways First, their principal purpose at common law was nominal damages awarded to establish a right so they would still serve that role here but what I gather you're getting at is the secondary role where you have a compensatory damages claim that fails before the end of the case and the answer there is one, that's what common law courts did we see that over and over that they didn't treat nominal damages as a separate claim of relief but just reflecting the outcome Second, I think it gets to what we're really getting at by asking this question We know that common law courts did that The plaintiffs say that it shows therefore that they compensated past harm but the common law courts say that they didn't do that You're relying very heavily on the common law Do you want us just to apply the common law rule and if so, weren't nominal damages available at common law? Nominal damages were available at common law but they weren't independently justiciable redress for past harms For all of the cases that petitioners cite and that the government cites and that we cite there are no common law cases out there where plaintiffs were bringing nominal damages claims alone without any prospect of future redress All of those cases the plaintiffs had brought actual damages claims and then they failed for lack of proof Justice Sotomayor Counsel, in addition to the questions that Justice Alito had seems that your argument doesn't make any sense of our precedence where we've held and you don't dispute in your briefing or here that the award of punitive damages can qualify you to have standing but we very clearly have stated that punitive damages are not to compensate the injured party but rather to punish the tortfeasor and deter him and others from similar extreme conduct If a case has been mooted because an act is not capable of repetition there's no need to impose punitive damages no matter how reprehensible the conduct may be So I don't know how you can concede that punitive damages give you standing under your theory of the case Justice Sotomayor I think the difference between punitive damages and nominal damages and frankly between other kinds of monetary relief and nominal damages is only nominal damages are conceived of as a symbol for zero compensation Punitive damages, although their purpose is to deter and to punish they don't have that sort of legal roadblock that prevents them from being any kind of relief for past harms and in fact, Professor Dobbs and other remedy scholars explain that they do provide some incidental compensation although the law authorizes them for other purposes and I think one example from this court's case is Steel Company notes that the civil penalties that were awarded in that case if they were awarded to the plaintiff even though they were punitive would provide a sort of compensation or redress to the plaintiff themselves, even though that's not their purpose So I think those are just distinct from nominal damages My problem counsel is that then you're talking about quantifying an amount of damage the ex-ante. You're basically saying $1 is not enough when we've said even for compensatory damages that no matter how small your injury, and even if a jury gives you $1 that that would be enough as compensatory damages not nominal damages. You've proven an injury and nominal damages are directed to be paid to the plaintiff He or she may not think they got too much I certainly presided over many cases in which the jury's award was infinitesimally small compared to the claimed injuries but you've been still compensated I don't understand why $1 is not viewed as a form of alternative compensation Justice Sotomayor the reason that the dollar of compensatory damages is compensation for a past injury is because we've accepted that which is really a legal fiction that it offers the plaintiff some substitutionary relief for whatever their loss was whether it's tangible or intangible The problem is that again, nominal damages at common law weren't conceived of in that way A chorus of commentators in cases say that they aren't compensation but that it's symbolic only McCormick on damages says there is no sense of compensation English cases like Beaumont vs. Greathead I would say that they have no existence in point of quantity Counsel, we go back to the starting point of my question now there are punitive damages they're not viewed as compensation but what they are is a measure of recovery whether we call it compensation, punitive damages statutory damages these are monies that are paid to the plaintiff whether it's 1 cent or $100 million it's still money that the plaintiff is entitled to receive But Justice Sotomayor if nominal damages are not compensation it's not clear to me what else that dollar could be doing to redress the plaintiff Again, the reason that dollars redress past harms is because they are compensation but when they're not then you need an alternative explanation for what they're doing to specifically redress the plaintiff's injury and we don't see that from the petitioner Justice Kagan General, you said several times that nominal damages are just symbolic What are they symbolic of? They are symbolic of the fact that a plaintiff has proved a legal violation but is entitled to zero compensation for it That makes it sound like it's a dismissal of the plaintiff's claim like the libel suit where technically you committed libel but you really don't have any damages because you're such a terrible person but that's not mostly what we're dealing with I would have thought that most of these suits are suits where the dollar is symbolic of your winning of vindication, not of nothingness Justice Kagan, it is symbolic of the fact that the plaintiff proved a legal violation One of the practical reasons common law courts gave nominal damages was so that they could count that a victory in the sense that they could carry costs The problem is that it was also symbolic of the fact that the plaintiff either didn't have a compensable injury or wasn't able to prove it in any amount Let me give you a case I don't know who this cuts in favor of you or the petitioners but I thought I'd ask it because it's the most famous nominal damages case I know of in recent times which is Taylor Swift's sexual assault case Do you know that one? It was a few years ago when she brought a suit against a radio host for sexually assaulting her and she said, I'm not really interested in your money I just want a dollar and that dollar is going to represent something both to me and to the world of women who have experienced what I've experienced That's what happened. The jury gave her a dollar It was an unquestionable physical harm but she just asked for this one dollar to say that she had been harmed Why not? A couple things, Justice Kagan First of all, that sounds like compensatory damages She may have only asked for a dollar but she alleged clear compensable injuries and so the jury could award that dollar in response I thought you might say that but then why isn't that the same as this? The petitioner here said he was harmed he wasn't able to speak when he should have been able to speak and whether it's hard to monetize or it's not hard to monetize he's just asking for a dollar to redress that harm If the dollar, Justice Kagan isn't actually compensating that harm and again it's unique to nominal damages These are just words In the same way that Tanner Swift's harm compensated her so too here They don't really compensate anybody but it's all the plaintiff wants for an acknowledged harm Two things One, there is a difference in the law between small damages and no damages The common law cases say that nominal damages are no damages Nobody thinks that being sexually assaulted is really only worth a dollar Nobody thinks that It's worth a lot more than that But that's all she wanted She wanted to prove a point And she had the ability to seek compensatory damages for that Proving the point however is not something that federal courts exist to do However important that dollar is to Taylor Swift or anyone else in constitutional claims or otherwise Could she bring that suit or couldn't she bring that suit? For nominal damages alone outside of some prospect of recurrence which I would hope would not be the case then no, that claim is moot She needs to allege a compensable injury and ask for compensation for that That's just fundamentally different from what nominal damages were Thank you General Good morning Counselor Just so we start on an agreed slate It isn't the amount that's the problem One dollar isn't the problem So if the plaintiff here had introduced a bus receipt for his fare of less than a dollar and demonstrated that was tied to his injury that would count and if Ms. Swift had come in with some sort of receipt of some kind that would support her one dollar claim Right? So it all turns on the label of compensation and courts are going to have to figure that out Is that fair?  I would say there are plenty of kinds of compensation Sure I got that point So I think the result is a rule that disadvantages perhaps two classes of persons particularly First may be those like Ms. Swift who have some scruple or reason not to seek more Who could? And we have a lot of amici briefs from religious groups that indicate for example that they have religious scruples against seeking damages for some injuries they've suffered So they lose out People like Ms. Swift and groups like that And then it seems to me the second group that loses out are individuals whose claims are not sufficiently great to attract the attention of clever lawyers and economists to come up with damages And then we have damages theories Emotional harm and distress is a particular example Areas where it's difficult to quantify damages and expensive to do so require a large enough damage to justify the effort So we disadvantage persons like that It seems to me those are the kind of classes of persons exactly for whom nominal damages were designed in the first place And can you respond to that concern? Justice Gorsuch I guess first I would say, I'll start with the end I'm not sure that's what nominal damages were designed for in the first place Fair, but perhaps they were designed in part to ensure that someone who had suffered a legal wrong does not lose out simply because of a failure of proof about damages And I think that's often going to happen in that second class of cases I talked about where the damages are not great enough to warrant the work So what do you say about that? Again, Justice Gorsuch I guess going back to my colleague Justice Breyer I think there are lots of ways that those plaintiffs could still seek compensatory damages And maybe it's a little bit of extra work But I'm not sure it's a great deal It just requires us to think about the established kinds of damages that you can get as a result of violations of those particular legal rights Adding an emotional distress claim if a plaintiff has a reasonable basis in fact for that claim is not, I think, so heavy a lift that you're going to cut out plaintiffs from court The other thing I'd say is that I'm not sure why nominal damages is a satisfactory solution if that's the concern After all, it is a trivial sum And if what the plaintiffs are after is not the dollar but having the court tell them that their rights have been violated Again, that's not what federal courts Alright, thank you One last question I'd like to squeeze in quickly You'd agree that in those cases where we have the bus receipt showing 25 cents, so less than a dollar the attorney's fees problem recurs So you're going to have attorney's fees in those cases So that can't be a good reason not to allow those fees, right? I agree that attorney's fees would be available if compensatory damages are awarded Justice Kavanaugh? Thank you and good morning Mr. Pinson Picking up on things that Justice Alito and Justice Sotomayor said It seems that there are a number of things working against you here Potentially the history, the common law cases The precedent of this court that seems to have recognized in certain situations, nominal damages cases like Cary that we'd have to deal with The line drawing problem that Justice Alito raised In other words, how do we distinguish potential statutes Congress might enact that awarded a dollar or that kind of statutory damages And Justice Sotomayor asked about various forms of damages too So we'd have a line drawing And then one thing I wanted to ask you about This seems to be working fine in all the other circuits that allow nominal damages At least I'm not aware that there's huge problems Is that incorrect? I realize that's not a legal point but can you respond to that? Justice Kavanaugh, I would point you at least to the state's amicus brief at 14-18 I can't say that there are floodgates opened of nominal damages claims in those circuits but you do have cases where governments, even those acting in good faith to make policy changes still face the problems of litigating suits for long periods of time and getting hit with large damages awards despite quick resolutions of Let me ask you about that and you obviously have answers to everything I just mentioned on the law, but some of the practical problems you've raised and one of them right there, the extended or wasteful litigation Can't a defendant avoid that by paying the one dollar the district court or the trial court enters judgment that's not a judgment on the merits it has no preclusive effect what's the problem with that approach? Justice Kavanaugh, it's not so clear to me that that judgment wouldn't have not only preclusive effect but other effects at least one second circuit case, Ratha 909F3534 and I guess a couple of others have noted that a default judgment Brighton Miller says this is actually treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded so I think a preclusive effect is a real concern but even beyond that we often have individual public servants who have been sued in these cases I think it's probably not fair to them for governments to force them to accept particularly if there's a liability judgment on the line to accept that kind of liability against them in their individual capacities just to avoid prolonged litigation and then there are other various harms to governments as well from just accepting judgments it might be a different case if we could literally just deposit the dollar and the case becomes moot but I'm not sure of a procedural mechanism for doing that Then on the attorney's fees question that's been raised if those were fully available then that would provide obviously an incentive for some plaintiffs to continue litigating even if there was no other injunctive or compensatory relief at stake but my understanding of the case law for R and seems to be how it's applied in most lower courts is that plaintiffs do not receive much in the way of attorney's fees when they only receive nominal damages and therefore the incentive to litigate wastefully is not as present it's not zero I would acknowledge but it's not as present. Can you respond to that? Yes I do think that the better reading of R is that generally you shouldn't get any attorney's fees for a nominal damages award but that isn't necessarily borne out in practice we see from the state's amicus brief at 20 lists several six figure attorney's fees awards from nominal damages cases and I think those are just examples of cases there are quite a few more out there Justice Barrett Counsel, I understood in your briefing you to make two points about why nominal damages are insufficient under article 3 one being the perspective not retrospective point these are really declaratory judgments and then the other focusing on the amount and saying the very trivial amount shows that these really can't be compensatory but it seems to me that in your responses to Justice Alito's questions, Justice Kagan's questions Justice Gorsuch's questions you've kind of gone back and forth on the triviality of the money points so you suggested to Justice Alito that at some point it's so little money that really should be taken into account but of course our precedents say that even a small amount is enough and so in the Taylor Swift example or in Justice Gorsuch's bus fare example I heard you, at least I took you to concede that even a very trivial amount would constitute a compensatory injury under article 3 so is that part of your argument still with respect to nominal damages are you still hanging your hat on the amount the one dollar being too little and just exclusively focusing on the prospective nature the trivial nature of the award Justice Barrett matters only because that was the way that the common law set nominal damages as a symbol and so my response to Justice Alito reflected that, that what Congress is really doing is setting a trivial amount so that it serves as a symbol but doesn't offer any compensation that would be different our primary argument is simply that nominal damages in their nature do not serve as any compensation regardless of whether the court decides in a given case so what does the money have to do with it are we trying to figure out Justice Kagan's question suggested that really what Taylor Swift wanted was vindication of the moral right, the legal right that sexual assault is reprehensible and wrong are we looking at the motivation for the suit so could nominal damages actually be compensatory for one person but not for another no I don't think that's right Justice Barrett the nominal damages dollar isn't compensation in any sense the difference I guess is that again in those cases where vindication is sought that's just not enough so it doesn't matter what their motivation is vindication under Steele Company and other cases is not article 3 redress because it doesn't address any injury so those are the two aspects those are really the two big things that nominal damages do there's the dollar and there's the vindication the dollar in common law cases doesn't compensate and vindication isn't enough by itself so what is the effect of your argument on the very many consumer protection statutes we have like the Telephone Consumer Protection Act or the Fair Debt Collection Practices Act I think in those cases statutory damages we might think of them, let's say it's $100 but you also get attorney's fees as about vindicating a right and having a deterrent effect on the industry if Congress reduced that amount of statutory damages down to a dollar I don't see why it's any different so would this call into question whether those causes of action really are unconstitutional under article 3 under the Telephone Consumer Protection Act you get a couple annoying texts that's pretty slight if you seek statutory damages are you seeking anything other than to vindicate is that compensatory Justice Barrett I think it is the last example you gave I think is a helpful one if the injury at issue is a slight injury then a slight amount of damages would still be viewed as, or we should presume that it's still compensatory damages when it's given as statutory damages so I don't think there's any problem I wouldn't say that it's a slight injury I think the problem for petitioners is that the injury they've alleged is not one susceptible to proof so you can seek the damages for receiving a couple annoying texts but not for having your First Amendment rights violated you can't seek nominal damages for the bare violation of First Amendment rights you can seek compensatory damages I'll end with two quick points first I want to stress that the way that this case was resolved is a good thing litigation prompted college officials to review their policies and just ten weeks later to revise them in a way that maximized and respected First Amendment rights on campus not just for petitioners but for all students and it even led to an enduring statewide policy change for every public college in Georgia that kind of early out of court resolution should be encouraged and keeping nominal damages in their limited historical role does that while still allowing existing mootness doctrine to guard against bad faith or strategic mooting and then second, whatever the policy implications this case comes down to what kinds of cases Article 3 allows federal courts to resolve Article 3 takes its court cues from common law practice and the common law made clear over and over that it's just wrong to think of nominal damages as a small amount of compensation that means nominal damages can't save a case from mootness when changed circumstances relieve any threat of future injuries this court should affirm the judgment below thank you thank you Mr. Chief Justice four points in response first to return to first principles partial redress is still redress this court has held that rule over and over again when money changes hands that is a tangible benefit for Article 3 purposes several justices have raised questions as to what the purpose of nominal damages are symbolic has come to mind yes, they're symbolic in the sense that there is an intrinsic value to the lost constitutional right that far exceeds the $110 or $100 that is afforded in response for that second, vindication and vindication does occur through a nominal damages award just as with any other award third, compensation yes, it provides compensation in an amount that recognizes the damages done and that too serves a valid purpose under Article 3 my second point is that as Justice Alito mentioned with my friend statutory damages should satisfy Article 3 and my friend on the other side suggests that they do the reason that they do is for the reasons I just mentioned and there is no principle basis to deny nominal damages claims here the common law has a number of cases where there is no compensatory claims asserted and there is no prospective relief at issue yet, the court still awarded nominal damages Doherty, Moon, Thompson even Ashby recognizes that a cuff on the ear is sufficient for nominal damages that's on pages 8-10 all of those cases of our reply brief there are so many carve outs under my friend's rule that it proves the rule and the practical effect boxes out especially civil rights victims the rule works, it's a long-standing rule that's been in place for hundreds of years and it hasn't resulted in protracted litigation and there is no incentive for plaintiffs or their attorneys to file stand-alone damages but a word about the fees Section 1988 and 1983 and this court have held that it's critical to not only the plaintiffs that are losing their civil rights and injured in these actions but it's critical to our nation and it's a noble purpose to vindicate those constitutional rights a change of the rule here leaves victims that have serious constitutional injuries unredressed out in the cold it also forces victims to reveal intrusive information as in Flanagan's or about their mental health records or churches who have scruples about asserting compensatory damages to prove those damages and instead of limiting the litigation it actually expands it, complicates it and actually causes more liability for the government in closing, in 2013, Georgia Gwinnett officials knew that this rule was unconstitutional they received a letter telling Cheekay that he was silenced not only violated his rights but it results in the government walking away from past harms that they caused this is a solution that is in search of a problem but a reversal actually creates the problem Thank you